UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON STOVALL, HARRY STOVALL, JR., SHAQUETTA STOVALL, SHAQUIRRA STOVALL, LEONGALA STOVALL, DARINQUE STOVALL, and DARANCE STOVALL | CIVIL ACTION |
| VERSUS | NO. 11-0779 |
| STEELCASE, INC. | SECTION: "G"(4) |

## ORDER AND REASONS

Before the Court is Steelcase, Inc.'s ("Defendant") Motion to Review Magistrate's Order,[1] in which Defendant seeks review of Magistrate Judge Karen Wells Roby's Order[2] denying Defendant's Motion to Compel Interrogatories and Requests for Production of Documents.[3] No memorandum in opposition to the Motion to Review Magistrate's Order was submitted, timely or otherwise.[4] Having considered the motion, the order, the record, and the applicable law, for the following reasons, the Court will deny the motion and will affirm the Magistrate Judge's ruling, but the Court will allow Defendant to re-propound discovery and Plaintiffs will be granted thirty (30) days from that time to respond or otherwise to object to the propounded discovery requests.

---

[1] Rec. Doc. 28.

[2] Rec. Doc. 26.

[3] Rec. Doc. 17.

[4] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion.

1

## I. Background

On April 8, 2011, Defendant removed this action on the basis of diversity jurisdiction from the Civil District Court, Parish of Orleans, State of Louisiana.[5] The suit arises from injuries allegedly sustained by Plaintiff Sharon Stovall ("Ms. Stovall") when she was using a chair allegedly manufactured by Defendant and the chair "rolled from under her and she fell suffering injuries to her right hand, wrist, and elbow, hip, knee, shoulder, and back."[6] Ms. Stovall alleges that the chair was defective, unreasonably dangerous in normal use, and violated the Louisiana Products Liability law by its defectiveness and failure to provide adequate warnings.[7] Ms. Stovall alleges that her husband and children, the other plaintiffs in this suit, "suffered great mental anguish by being forced to witness the suffering endured by his wife and their mother whereby their own nerves and health have been seriously and permanently shocked, weakened and impaired" and that they have been "denied the care, protection, consideration, companionship, aid, and society of his wife and their mother, Sharon Stovall, and the pleasure and assistance of his wife, Sharon Stovall . . . ."[8] Defendant filed its answer on April 8, 2011.[9]

On June 3, 2011, Defendant filed a Motion to Compel Interrogatories and Requests for Production of Documents.[10] By this motion, Defendant argued that the court should compel Plaintiffs to respond to interrogatories and requests for production of documents that were

---

[5] Rec. Doc. 1.

[6] Petition for Damages, Rec. Doc. 1-8 at ¶ 2.

[7] *Id.* at ¶ 3.

[8] *Id.* at ¶ 7.

[9] Rec. Doc. 6.

[10] Rec. Doc. 13.

2

propounded to Plaintiffs on April 14, 2011.[11] Defendant also noted that Plaintiffs had provided no Rule 26 disclosures, and that Plaintiffs did not attend or respond to a discovery conference scheduled by Defendant.[12] Defendant further noted that it attempted to locate alternate contact information for Plaintiffs but that it was unable to find any such information.[13] Plaintiffs did not file any opposition to the motion. However, Magistrate Judge Roby denied the motion on July 25, 2011 because Defendant "failed to attach the subject discovery requests," and she found, therefore, that the motion was procedurally deficient because it was not in compliance with Local Rule 7.4, which requires the movant to attach all documentary evidence intended to be submitted in support of the motion when the motion requires consideration of facts not appearing in the record.[14]

Accordingly, on July 25, 2011, Defendant filed its second Motion to Compel Interrogatories and Requests for Production of Documents.[15] This motion corrected the earlier deficiency recognized by Magistrate Judge Roby, attaching the subject discovery requests. Again, Plaintiffs failed to file any opposition to the motion. On August 10, 2011, Defendant sought leave to file a supplemental memorandum in support of the motion to compel,[16] which leave was later granted[17] and the memorandum was filed into the record on August 12, 2011.[18] The memorandum noted that

---

[11] Rec. Doc. 13-1 at p. 1.

[12] *Id.*

[13] *Id.* at pp. 1-2.

[14] Rec. Doc. 16.

[15] Rec. Doc. 17.

[16] Rec. Doc. 21.

[17] Rec. Doc. 23.

[18] Rec. Doc. 24.

Plaintiffs had failed to submit opposition to the motion and that, in fact, "plaintiffs [had] not taken any action in this case since they originally filed suit in State court . . . on March 17, 2011."[19] Accordingly, Defendant requested the court to sanction Plaintiffs by dismissing the case based on Plaintiffs' noncompliance with discovery.[20]

In considering the second Motion to Compel, Magistrate Judge Roby noted that the presiding judge[21] had not yet issued a Scheduling Order in the matter and that the motion failed to address whether the parties had participated in a Rule 26(f) conference.[22] Because the Federal Rules of Civil Procedure state that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . ,"[23] on August 11, 2011, Magistrate Judge Roby signed an order requiring the parties to provide supplemental documentation to the Court "indicating whether a Rule 26(f) conference was conducted."[24] The order did not set out a date by which the parties were required to submit their supplemental documentation.

On August 18, 2011, having received no supplemental documentation by the parties, Magistrate Judge Roby signed an order denying the second Motion to Compel as having been filed prematurely.[25] However, prior to entry of the order by the Clerk's Office on August 19, 2011,

---

[19] Rec. Doc. 24 at p. 1.

[20] *Id.* at p. 2.

[21] This case was initially assigned to Judge Helen G. Berrigan but was transferred to Judge Kurt D. Engelhardt on April 13, 2011. Later, on October 6, 2011, the case was reassigned to Section "G" of this court. *See* Rec. Docs. 8, 29.

[22] Rec. Doc. 22.

[23] Fed. R. Civ. P. 26(d)(1).

[24] Rec. Doc. 22. Although signed on August 11, 2011, the order was entered on August 12, 2011.

[25] Rec. Doc. 26.

4

Defendant sought leave to file its Second Supplemental Memorandum in Support of Motion to Compel, which answered Magistrate Judge Roby's request.[26] Therein, Defendant stated that it had made "every effort to conduct a discovery conference with plaintiffs, but plaintiffs have refused to participate in any way."[27] Specifically, Defendant noted that it sent a letter to lead plaintiff, Sharon Stovall, scheduling a discovery conference but that Ms. Stovall never called or otherwise responded to the letter.[28] Defendant also set forth other attempts to contact Plaintiffs.[29] Defendant again requested the court to "exercise its authority under Fed. Civ. R. of Proc. [sic] 37(b)(2)(A)(v) and (d)(3)" to dismiss the case as a sanction for "total" noncompliance with discovery.[30] On August 23, 2011, Magistrate Judge Roby found moot the Motion for Leave to File Second Supplemental Memorandum in Support of Motion to Compel, and Defendant was not allowed to file the second supplemental memorandum into the record.[31]

On September 2, 2011, Defendant filed the present Motion to Review Magistrate's Order.[32] Defendant contends that Magistrate Judge Roby's August 19, 2011 order "is clearly erroneous and should be reversed."[33] Specifically, Defendant argues that "Magistrate Roby's ruling [requiring a Rule 26 conference prior to allowing discovery] places an impossible condition upon Steelcase

---

[26] Rec. Doc. 25.

[27] Rec. Doc. 25 at p. 1.

[28] Rec. Doc. 25-2 at ¶¶ 1-2.

[29] *Id.* at ¶¶ 3-6.

[30] *Id.* at ¶ 8.

[31] Rec. Doc. 27.

[32] Rec. Doc. 28.

[33] *Id.* at p. 1.

5

[because Plaintiffs refuse to cooperate], and therefore warrants reversal."[34] Defendant argues that it has been "completely shut out of the discovery process," that it can obtain no information about the alleged accident in the absence of discovery, and that "given the fact that plaintiffs never filed anything in opposition [to] the Motion to Compel, Magistrate Roby's Order denying the Motion constitutes clear error."[35] Defendant further reiterates this Court's authority to sanction Plaintiffs for noncompliance with discovery by dismissing their case.[36]

A scheduling conference was held in this case on March 8, 2012, and Section "G" of this court entered a Scheduling Order on that same date.[37]

## II. Law and Analysis

### A. *Standard of Review*

In the resolution of non-dispositive discovery disputes, a magistrate judge is afforded broad discretion.[38] If a party objects to the magistrate judge's ruling on a non-dispositive discovery issue, the district court is to consider the party's objections and "shall modify or set aside any part of the order that is clearly erroneous or is contrary to law."[39]

---

[34] Rec. Doc. 28-2 at p. 4.

[35] *Id.* at pp. 5-6.

[36] *Id.*

[37] *See* Rec. Doc. 33.

[38] *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

[39] Fed. R. Civ. P. 72(a).

6

## B. *Discovery in Civil Actions*

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request" provide initial disclosures to the other parties.[40] However, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."[41] Rule 26(f) provides that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."

Under Federal Rule of Civil Procedure 37(a)(1), "a party may move for an order compelling disclosure or discovery." Sanctions may be imposed if a party fails to obey a discovery order of the court.[42]

## C. *Analysis*

At the time that Magistrate Judge Roby ruled on Defendant's second Motion to Compel,[43] no Rule 26(f) discovery conference had yet been held. Likewise, a discovery conference was not yet mandated under Federal Rule of Civil Procedure 26(f) because a scheduling conference had not been held such that the discovery conference would fall within the minium twenty-one (21) day window of that Rule. Accordingly, Defendant's discovery efforts were, as Magistrate Judge Roby found, premature. As such, Magistrate Judge Roby's order denying Defendant's second Motion to Compel

---

[40] None of the exempted proceedings set forth in Rule 26(a)(1)(B) are relevant here. *See* Fed. R. Civ. P. 26(a)(1)(B).

[41] Fed. R. Civ. P. 26(d)(1).

[42] Fed. R. Civ. P. 37(b)(2).

[43] Rec. Doc. 17.

7

was not clearly erroneous or contrary to law.

However, since the time of Magistrate Judge Roby's ruling on the second Motion to Compel, circumstances have changed. A scheduling conference has been held, but no Rule 26(f) conference was held at least 21 days prior. Therefore, discovery is no longer premature – indeed, it is now overdue. As such, this Court will allow Defendant to re-propound its discovery requests and will grant Plaintiffs 30 days from receipt of Defendant's discovery requests to respond or otherwise to object. If Plaintiffs again fail to respond, this Court will entertain the appropriate motions by Defendant, including motions filed under Federal Rule of Civil Procedure 37.

### III. Conclusion

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Review Magistrate's Order[44] is **DENIED** and Magistrate Judge Roby's Order,[45] which denied Defendant's second Motion to Compel, is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant is granted leave to re-propound discovery requests to Plaintiffs and that Plaintiffs will be granted thirty (30) days from that time to respond or otherwise to object to the propounded discovery requests.

**NEW ORLEANS, LOUISIANA**, this 16th day of May, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[44] Rec. Doc. 28.

[45] Rec. Doc. 26.