UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON STOVALL, HARRY STOVALL, JR., SHAQUETTA STOVALL, SHAQUIRRA STOVALL, LEONGALA STOVALL, DARINQUE STOVALL, and DARANCE STOVALL | CIVIL ACTION |
| VERSUS | NO. 11-0779 |
| STEELCASE, INC. | SECTION: "G"(4) |

## ORDER AND REASONS

On August 16, 2012, Defendant Steelcase, Inc. ("Defendant") filed a Motion to Dismiss for Failure to Comply with Court Orders ("Motion to Dimiss"),[1] wherein Defendant seeks to have the Court dismiss Plaintiffs' case on the basis that Plaintiffs have ignored discovery requests, this Court's May 16, 2012 order requiring Plaintiffs to respond to re-propounded discovery requests,[2] and the deadlines set forth in this Court's Scheduling Order.[3]

No memorandum in opposition to the Motion to Dismiss, which was set for hearing on September 12, 2012, was submitted, timely or otherwise. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. This court has authority to grant a motion as unopposed, although it is

---

[1] Rec. Doc. 43.

[2] *See* Rec. Doc. 35.

[3] Specifically, Defendant notes that Plaintiffs have not identified any experts or provided written reports of experts by the August 9, 2012 deadline set forth therein, despite Plaintiffs failure fully to respond to interrogatories on the basis that Plaintiffs were "retaining a chair expert to more specifically prove the defects claimed." *See* Rec. Doc. 43-2 at p. 5.

1

not required to do so.[4] Here, however, Defendant's reasons for dismissal do not rise to the level that would merit this Court's granting of the harsh remedy it seeks.

First, Defendant has not established that Plaintiffs failed to comply with a court order by way of their inadequate discovery responses. By Defendant's own admission,[5] it appears that Plaintiffs, through their counsel of record, have responded to discovery propounded within the time limits imposed by this Court's May 16, 2012 order. Instead, Defendant states that the response was inadequate and that Plaintiffs or their counsel have failed to respond to Defendant's attempts to seek more complete answers.[6] Defendant outlines several alleged "deficiencies" with the answers received and seeks supplemental discovery to provide greater clarity or more substantial responses.[7] However, Defendant has not pursued any other procedural device, such as a motion to compel, since earlier motions to compel were denied as premature or since discovery was re-propounded.

Additionally, Defendant's allegation that this Court should dismiss the pending action on its merits because of Plaintiffs' failure to provide written reports of experts in accordance with the deadlines set forth in this Court's Scheduling Order also fails. A party's failure to comply with a court's scheduling order does not necessarily result in dismissal of the party's claims on their merits.[8]

---

[4] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[5] *See* Rec. Doc. 43-2 at p. 4 (stating that Plaintiffs "submitted partial responses to the discovery").

[6] *Id.*

[7] *Id.* at pp. 4-6.

[8] *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) (setting forth various sanctions for failure to comply with court order).

Such a remedy is severe and should only result under exceptional circumstances.[9] Instead, a more appropriate remedy for such a violation may be that, unless good cause is shown, Plaintiffs will not be allowed at trial to rely upon any expert reports filed after the deadline contained within the Scheduling Order.[10] Defendant also argues that Plaintiffs cannot meet their burden of proof without engaging an expert and that, despite repeated requests by Defendant, Plaintiffs have failed to provide any information regarding an expert.[11] However, if Plaintiffs have not come forward with sufficient evidence to prove their claims, then the Court will entertain other appropriate motions, which will allow the issues to be squarely addressed.

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[12] is **DENIED WITHOUT PREJUDICE** and later may be re-urged on other grounds, if merited by the facts.

**NEW ORLEANS, LOUISIANA**, this __14th__ day of September, 2012.

                                                       **NANNETTE JOLIVETTE BROWN**
                                                     **UNITED STATES DISTRICT JUDGE**

---

[9] *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (stating that dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim") (quotation omitted). "Generally, where a plaintiff has failed to comply with a few court orders or rules, [the Fifth Circuit has] held that [a] district court abuse[s] its discretion in dismissing [a] suit with prejudice. *Berry v. Cigna/RSI-Cigna*, 975 F.2d 1188, 1192 n.6 (citations omitted); *see also McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556-58 (finding failure to comply with scheduling order and other pretrial deadlines not to constitute a clear record of delay or contumacious conduct).

[10] *See, e.g., Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (citing *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)).

[11] *Id.* at p. 7.

[12] Rec. Doc. 43.

3